UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CHARLES E. BRADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-463-TLS |
| | ) | |
| LOCAL 2209 UNITED AUTO WORKERS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Charles E. Bradford, proceeding pro se, filed a Complaint [ECF No. 1] on November 6, 2017. Defendant Local 2209 United Auto Workers filed a Motion for Judgment on the Pleadings [ECF No. 18] on April 6, 2018. The Plaintiff was granted an extension of time until June 29, 2018, [ECF No. 20] in which to respond to the Motion. The Plaintiff requested, and was granted, several additional extensions [ECF Nos. 21-24]. The Plaintiff then filed a Motion to Dismiss, in response to which the Court ordered him to file either a stipulation of dismissal pursuant to Fed. R. Civ. 41(a)(1)(A)(ii) or a response to the Defendant's Motion by September 14, 2018 [ECF Nos. 27, 28]. The Plaintiff filed a response [ECF No. 29], and the Defendants filed a reply [ECF No. 30].

**BACKGROUND**

The Plaintiff alleges in his Complaint that General Motors hired him in 2011, such that his seniority date was August 1, 2011. In March 2012, the Plaintiff needed surgery. He filed for benefits with General Motors, who responded that he was "not good" for benefits. (Compl. at 2,

¶ 2, ECF No. 1). The Plaintiff approached the Defendant with proof of his seniority date, and the Defendant responded that it was "a mistake," and that the Plaintiff's seniority date was October 8, 2012. (*Id*. at 2, ¶¶ 3–4). The Plaintiff requests that the Court order the Defendant to pay benefits and the costs associated with the case.

The Plaintiff attaches several documents in support of his Complaint, one of which is a paystub that includes a line that reads, "VAC PAY BASED ON SENIORITY DATE 08-01-2011" (*Id*. at 6); however, "on seniority" is crossed out, and "HIRED AS A TEMP" is handwritten on the document.

The Plaintiff's response[1] contains additional facts: on August 1, 2011, an unidentified foreman approached the Plaintiff, and proposed his entry into a ninety-day New Hire training program with General Motors. The Plaintiff understood from the foreman, whom he alleges was Defendant's employee, that after the ninety-day program, he would be a full employee of General Motors, entitled to benefits. The Plaintiff completed the program and submitted paperwork to cement his status as a full employee. The paperwork included a request for election of a health care provider.

In March 2012, the Plaintiff had surgery. Subsequently, he filed for benefits from General Motors, and was informed he was not eligible. He then reached out to the Defendant. A representative of the Defendant reviewed his submitted paperwork, including the paystub the Plaintiff attaches to his Complaint, and informed the Plaintiff that his seniority date was a mistake. The representative of the Defendant told the Plaintiff that October 8, 2012, was his correct seniority date and crossed out the date listed on the paystub.

---

[1] As discussed below, these facts are before the Court.

On October 30, 2013, the Plaintiff filed a grievance with the Defendant. The Plaintiff continued to pursue the issue with the Defendant between November 1, 2013, and April 11, 2017. On April 12, 2017, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the plaintiff has filed a complaint and the defendant has filed an answer. *See* Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is generally not favored and courts apply a fairly restrictive standard in ruling on the motion." *Urbanski v. Tech Data*, No. 3:07-cv-17, 2008 WL 141574, at *10 (N.D. Ind. Jan. 11, 2008) (citing *Fox v. Terra Haute Indep. Broadcasters, Inc.*, 701 F. Supp. 172, 173 (S.D. Ind. 1988)). "Where the plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support [its] position." *Hous. Auth. Risk Retention Grp. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (citing *All Am. Ins. Co. v. Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 728 (C.D. Ill. 2000)) (internal quotations omitted). Judgment may be granted on the pleadings only if "all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2017). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *See Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

**ANALYSIS**

The Defendant argues that the Plaintiff's Complaint and response to its Motion are procedurally and substantively flawed and should not be considered.

**A.     Facts Considered**

The Defendant argues that the Plaintiff's response is procedurally defective[2] because it relies "almost exclusively" on allegations, evidence, and documents that were not included in or with the Plaintiff's Complaint or the Defendant's Answer. (*See Reply*, ECF No. 30 at 2). In general, as the title of the rule indicates, a Motion for Judgment on the Pleadings is decided on the Complaint, any exhibits attached thereto, and the Answer. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (internal citations omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). However, "facts alleged in a brief in opposition . . . as well as factual allegations contained in other court filings of a *pro se* plaintiff may be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations of the complaint." *See Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997) (reviewing a 12(c) motion and collecting cases); *see also Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (quoting *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). Thus, the Court may consider the allegations that the Plaintiff added through his brief in opposition to the Defendant's Motion.

---

[2] The Defendant also argues that the Court should not consider the Plaintiff's response because it was filed late. While it is true that pro se plaintiffs must follow Court-ordered deadlines, the Court will consider the Plaintiff's response, as it was filed only two business days after the deadline.

**B.      Statute of Limitations**

In his Complaint, the Plaintiff requests benefits to which he is presumably entitled from General Motors under a Collective Bargaining Agreement between the employer and his union. Thus, the Plaintiff's claim does appear to arise under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, *et seq.*, which allows union members to seek relief in federal court when the member alleges that his union has breached its duty to represent him fairly. *See Truhlar v. United States Postal Serv.*, 600 F.3d 888, 891–92 (7th Cir. 2010).

Section 301 claims are subject to a six-month statute of limitations. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 154–55 (1983). The six-month period begins to run when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged breach of its duty. *See Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir. 1999); *Chapple v. Nat'l Starch & Chem. Co.*, 178 F.3d 501, 505 (7th Cir. 1999). A claim against a union can accrue even in the absence of any official notification from the union concerning a plaintiff's grievance, and prolonged inaction can be sufficient to give a diligent plaintiff notice that the union has breached its duty of fair representation. *See Pantoja v. Holland Motor Express, Inc.*, 965 F.2d 323, 327 (7th Cir. 1992), and *Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 304 (7th Cir. 1983). The statute of limitations is tolled "until intraunion remedies are exhausted, even if those remedies are ultimately determined to have been futile." *Scott v. Lear Corp.*, No. 2:14-CV-107, 2014 WL 5597276, at *7 (N.D. Ind. Nov. 4, 2014) (citing *Frandsen v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Employees*, 782 F.2d 674, 684 (7th Cir. 1986)). However, "tolling occurs while a plaintiff pursues specific internal union remedies through the designated channels; it does not occur while the plaintiff seeks whatever relief might be available." *Pantoja*, 965 F.2d at 329 (holding that letters to various union

officials, asking for help, did not toll the statute of limitations period as they "failed to invoke any specific internal union remedies").

The Plaintiff had surgery in March 2012, and then approached General Motors regarding his benefits. After General Motors informed him he was ineligible, the Plaintiff filed a grievance with the Defendant regarding his seniority date on October 30, 2013. Between November 1, 2013, and April 11, 2017, the Plaintiff communicated with the Defendant in various ways, but the Defendant did not assist him. On April 12, 2017, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) regarding the Plaintiff's issue with his seniority date. The EEOC issued the Plaintiff a Dismissal and Notice of Rights on August 9, 2017.

Based on the Plaintiff's timeline, his claim under § 301 probably accrued at some point between May 1, 2014,[3] and April 11, 2017, but certainly no later than April 12, 2017, when the Plaintiff filed his charge with the EEOC. However, filing a claim with the EEOC does not toll the statute of limitations for a claim under § 301.[4] *See Johnson v. Artim Transp. Sys., Inc.*, 826 F.2d 538, 549–51 (7th Cir. 1987) (holding, after extensive discussion, that policy considerations weighed against tolling the statute of limitations for a § 301/fair representation claim while Title VII charges were pending with the EEOC). As a result, the Plaintiff's Complaint is untimely because it was filed more than six months after the latest date his claim could have accrued.

---

[3] May 1, 2014, is six months after November 1, 2013.
[4] The Plaintiff, in his response, cites the EEOC's communications to him, specifically that he "need do nothing further at this time," and then that he could file a lawsuit against the Defendant based on his charge. Pl.'s Mot. in Opp., p. 4–5. While the Court understands and is sympathetic to the Plaintiff's confusion as a result of these communications, the statements do not constitute the kind of extraordinary event necessary for equitable tolling. *See Lee v. Cook Cty., Ill.*, 635 F.3d 969, 972 (7th Cir. 2011) ("A litigant is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotations and citations omitted).

## C. Stating a Claim

The Plaintiff's Complaint alleges that the Defendant breached its fair duty of representation. "To balance the power bestowed upon a union to exclusively represent all employees in employment disputes, a concomitant duty of fair representation is owed by the union to each of its members." *Nemsky v. ConocoPhillips Co.*, 574 F.3d 859, 865 (7th Cir. 2009) (internal quotation marks and brackets omitted). As the "exclusive bargaining representative for its members," a union "has a duty [to] 'fairly . . . represent' all of them." *Rupcich v. United Food & Commercial Workers Int'l Union*, 833 F.3d 847, 853 (7th Cir. 2016) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). A union breaches its duty to fairly represent a member where its conduct toward a member is "arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190. "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991). To determine whether a union's actions are discriminatory or in bad faith, a court must conduct an inquiry into the subjective motivation of the union officials. *Crider v. Spectrulite Consortium*, 130 F.3d 1238, 1243 (7th Cir. 1997). A plaintiff must establish subjective hostility toward him individually or as a member of a disfavored group *and* evidence that the hostility negatively impacted the representation. *Souter v. Int'l Union, UAW*, 993 F.2d 595, 598–99 (7th Cir. 1993).

The Plaintiff has not alleged any facts that the Defendant's conduct towards him was arbitrary, discriminatory, or in bad faith. The Plaintiff alleges only that the Defendant did not pursue his grievance and did not explain why, but this is not enough to qualify as arbitrary, "so far outside a wide range of reasonableness as to be irrational;" nor does it plead the subjective hostility required to state that the Defendant's actions were discriminatory or in bad faith. *See*

*Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) ("At the Rule 12 motion stage, a plaintiff must support an allegation of bad faith with 'subsidiary facts,' not just 'bare assertions of the state of mind. . . . Plaintiffs fail to state a claim of bad faith when their complaint contains nothing but 'conclusory labels.' . . . [A] plaintiff's complaint might pass muster if it 'offers facts that suggest a motive for the union's alleged' bad-faith conduct.") (brackets omitted) (citing *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013)). Thus, the Plaintiff has failed to state a claim against the Defendant.

## CONCLUSION

Accordingly, the Court GRANTS the Defendant's Motion for Judgment on the Pleadings [ECF No. 18]. The Complaint is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on February 22, 2019.

          s/ Theresa L. Springmann
          CHIEF JUDGE THERESA L. SPRINGMANN
          UNITED STATES DISTRICT COURT